J. L. MAXWELL, *Plaintiff in Error,* v. W. R. FLOWERS AND
DeCAR COX, COPARTNERS, *Defendants in Error.*

Division A.

Opinion Filed February 14, 1925.

1. An attachment bond defective in form or substance may be
remedied by the person in whose behalf it was given by the
giving of a new bond sufficient in form and substance before
any motion to dismiss the proceedings on account of a defec-
tive bond has been decided.

2. The sale by one partner of partnership property within the
scope of the business operations of the partnership is a sale
by the partnership and when credit is extended to the pur-
chaser creates a debt in favor of the partnership.

A Writ of Error to the Circuit Court for Santa Rosa
County; A. G. Campbell, Judge.

Judgment affirmed.

*L. V. Trueman,* for Plaintiff in Error;

*McGeachy & Lewis,* for Defendants in Error.

ELLIS, J.—The defendants in error sued the plaintiff in
error in an action of assumpsit for the price of a Ford au-
tomobile. The sum demanded was three hundred and sev-
enty-five dollars.

A writ of attachment was obtained upon the affidavit of
Flowers that he knew or had good reason to believe, that
the defendant would fraudulently part with his property
before judgment could be obtained against him. The bond
purported to bind Flowers and Cox, Copartners, as prin-
cipal but was signed only by W. R. Flowers. The defend-
ant moved the dissolution of the attachment upon that

ground. But on the same day the motion was made the plaintiffs filed an "additional amended attachment bond" which obligated the firm of Flowers and Cox as principal.

Two months afterwards the court denied the motion; holding that under Section 3428, Revised General Statutes, the plaintiffs had cured the defect in the original bond by filing the amended bond.

There was no error in that ruling. Section 3428, Revised General Statutes, appeared first in the Revised Statutes of 1892 as Section 1663. In 1893, by Chapter 4332, the Legislature enacted a law providing for the amendment of bonds in certain cases. That Act provided that an attachment bond defective in form or substance could be remedied by the person in whose behalf it was given by giving a new bond sufficient in form and substance before any motion to dismiss the proceedings on account of such defect should be decided. That Chapter was carried into the General Statutes as Section 1435 and appears in the Revsied General Statutes as Section 2632.

The purpose of the two sections of the Revised General Statutes is apparent from the language which requires no interpretation or construction. If the bond first given was defective in form or substance it was fully remedied by the second bond which was given and approved before the motion to dismiss was decided. There is no doubt of the legislative power to enact such a measure.

The parties went to trial upon an issue joined upon what was called a plea in abatement. That plea averred that the promise alleged in the declaration was made to Cox alone and not to Cox and Flowers, a copartnership.

A demurrer to the plea was overruled. There was a verdict for the plaintiff and judgment entered in favor of the copartnership. The defendant, Maxwell, took a writ of error.

Many errors are assigned, nineteen in all. It is unneces-

sary to discuss them because the only issue presented was whether the debt was due to Cox alone or to the copartnership. The evidence that the automobile was sold by a member of the firm and that it was an asset of the copartnership was not denied. Whether the automobile license tag was issued to the one or the other member of the copartnership or whether he carried the title thereto in his own name was immaterial. It was sold to the defendant as copartnership property and so treated by both members.

From an examination of the entire case it does not appear that any error complained of has resulted in a miscarriage of justice. So the judgment should be, and is, hereby affirmed.

, TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.