78 So.2d 396 (1955)
Brewer CORBIN, Appellant,
v.
ST. LUCIE RIVER CO., Inc., a Florida Corporation, Appellee.
Supreme Court of Florida. Division A.
February 23, 1955.
Rehearing Denied March 22, 1955.
*397 Dan Chappell, Miami, and Willes & Bittan, Fort Pierce, for appellant.
E.O. Denison, Fort Pierce, for appellee.
TERRELL, Justice.
August 4, 1954, appellant as plaintiff filed his affidavit in garnishment accompanied by a garnishment bond in the amount of $42,000. Four writs of garnishment were issued the same date. August 11, 1954, defendant moved to dissolve and quash the writ of garnishment. August 19, 1954, a new garnishment bond in the sum of $60,000 was filed in the cause. On the last named date but subsequent to filing the second garnishment bond the court entered an order granting defendant motion to dissolve and quash the writ of garnishment. This appeal is from the latter order.
It appears that the motion to dismiss and quash the writ of garnishment was granted on the theory that the plaintiff failed to enter into a bond in an amount at least double the debt or sum demanded so the point for determination is whether or not under the facts stated the trial court committed error in granting the motion to dismiss and quash the writ of garnishment.
The plaintiff filed the affidavit in garnishment as required by F.S. § 77.18, F.S.A. which relates to garnishment prior to judgment, the pertinent part of which is: "Except in cases in which the plaintiff has had an attachment, no writ of garnishment before judgment shall issue until the person applying for same * * * shall enter into bond, with at least two good and sufficient sureties, payable to the defendant, in at least double the debt or sum demanded * * *." It thus appears that if the plaintiff has secured an attachment no bond is required because the attachment suffices for the bond.
The trial court held the garnishment bond fatally defective on the theory that it was not in an amount double the sum sought to be recovered and being so it could not be amended. It is shown that the amount sought to be recovered was $21,000 plus interest. Even if the $42,000 bond was not double the amount sought to be recovered plus interest any deficiency was certainly compensated for when the plaintiff filed a new bond in the sum of $60,000. The trial court rejected the amended or new bond on the theory that Section 76.29 F.S. authorizing amendment to attachment bonds could not be construed as authority for amending garnishment bonds and that Section 50.20 F.S. authorizing amendments to pleadings in general was insufficient to reach a defective garnishment bond.
In so holding we think the trial court committed error. F.S. § 76.29, F.S.A. provides for amending attachment bonds. Maxwell v. Flowers, 89 Fla. 109, 103 So. 413. See also Roulhac v. Rigby, 7 Fla. 336, and W.A. Work & Son v. Titus, 12 Fla. 628. In this holding we do not overlook the fact that some early cases held that attachment and garnishment were statutory and that statutory requirements must be strictly complied with. This rule still prevails as to the remedy but not as to amendments in form that aid in the furtherance of justice when the purpose of the proceeding is not departed from or materially affected. Hollingsworth v. Arcadia Citrus Growers Ass'n, 154 Fla. 399, 18 So.2d 159. See also Rule 1.15 Florida Rules of Civil Procedure, 30 F.S.A. It would be futile to hold that a garnishment bond could not be amended when the only purpose of the amendment was to provide defendant with additional security. If an attachment bond had been posted it could have been amended as provided by F.S. § 76.29, F.S.A. Certainly in view of the statute providing for amendments generally the court should be permitted to amend a garnishment bond in the interest of justice and better security, the main proceeding not being affected. Attachment and garnishment are common in that their purpose is to subject property *398 of the defendant to payment of a debt. Since this is the case the rule as to amendment of the bond in either instance should be common. See 5 Amer.Jur., Section 900, Attachment and Garnishment.
It follows that the order appealed from must be and is hereby reversed with directions to the trial court to reinstate the writ of garnishment upon the clerk's approval of the $60,000 bond filed herein.
It is so ordered.
MATHEWS, C.J., and SEBRING and ROBERTS, JJ., concur.