HORTON, Judge.
Appellant-wife, defendant in the court below, seeks review of a final decree of divorce. Upon final hearing below, the chancellor struck the appellant’s pleadings because they were not timely filed and proceeded to a determination of the cause ex parte.
The appellee-husband filed suit for divorce on May 27, 1957. The appellant, then residing in Pennsylvania, was served by publication or constructive process which required her to file pleadings on or before July 1, 1957. The appellant having failed to file pleadings on July 1, 1957, as required by the publication notice, the clerk of the court, on July 2, 1957 upon request of the appellee, entered a decree pro confesso against the appellant. On the same day that the decree pro confesso was entered against the appellant (July 2, 1957) counsel for both parties entered into a stipulation that the decree pro confesso be vacated and that appellant’s time for filing defensive pleadings be extended to July 15, 1957, subject to an order of the court approving same. A motion, answer and petition for temporary allowances was filed on July 15, 1957. The court, on July 17, 1957, entered an order vacating the decree pro *730 confesso and granting the appellant until July 15, 1957 in which to file defensive pleadings, all in accordance with the stipulation of the parties made on July 2. After certain preliminary orders and proceedings had been made and had, the cause was called up for final hearing before the court on October 14, 1957, at which time the court, of its own motion, struck all of the defensive pleadings of the appellant on the grounds that they were not timely filed, that the court could not by its order enlarge the time for filing pleadings when the time had expired, and that counsel for the parties had no authority to enlarge the time for filing pleadings since that was a prerogative reserved to the court. The chancellor then proceeded ex parte to adjudicate the matter, resulting in the entry of a final decree of divorce in favor of the appellee-husband.
The main question for determination is whether or not the chancellor could, after the entry of a decree pro confesso and upon stipulation of the parties, set aside the decree pro confesso and permit the filing of defensive pleadings. This question requires an affirmative answer.
There is no contention here, nor was it the basis of the court’s order striking the defensive pleadings, that appellant was dilatory or had not filed her pleadings within the time agreed upon in the stipulation and approved by the court. It is true that a default gives a substantial procedural advantage to a party in whose favor it is entered, particularly in establishing the claim, but it should not be arbitrarily used or preserved to defeat a valid defense on the merits. In reversing the court below for failure to set aside a default judgment, the Supreme Court of Florida, in Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, at page 11, said:
“It is the rule that the opening of judgments is a matter of judicial discretion and ‘in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.’ 31 Am.Jur., Judgments, Section 717. * * *
“The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.”
A similar pronouncement was made by this court in Pan American World Airways, Inc., v. Gregory, Fla.App.1957, 96 So.2d 669, at page 671. 31 F.S.A. Rule 3.10, Florida Rules of Civil Procedure, provides for the setting aside of a judgment entered oii a decree pro confesso “ * * * upon such conditions as to the court may seem equitable and just * * * 30 F.S.A. Rule 1.6(b) Florida Rules of Civil Procedure, vests wide discretion in the trial court in granting extensions of time or enlarging the time for the filing of pleadings or the doing of required acts. In the latter rule, the only prohibition upon the exercise of the court’s discretion is extending time for making motions for new trial, directed verdict and in taking an appeal.
When the chancellor was presented with the stipulation providing for the vacation of the decree pro confesso and extending the time for appellant to plead, he could have exercised his discretion by granting or denying the same as the circumstances and exigencies of the case required. However, he elected to approve or grant the stipulated relief. Therefore, in the absence of any showing in the record that appellant had thereafter placed herself in default, it was error for the chancellor to strike her pleadings and to proceed ex parte in the matter. ,
*731 It thereupon follows that the decree appealed is reversed and the cause remanded for a final determination upon the issues made by the pleadings.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.