132 So.2d 802 (1961)
NOLAND COMPANY, Inc., a corporation, Appellant,
v.
Honorable W. Shannon LINNING, as Judge of the Small Claims Court, Duval County, Florida, and B.S. Freeman, as Clerk of the Small Claims Court, Duval County, Florida, Appellees.
No. C-342.
District Court of Appeal of Florida. First District.
September 12, 1961.
Sack & Sack, Jacksonville, for appellant.
P. Donald DeHoff, Jacksonville, for appellees.
*803 WIGGINTON, Judge.
This appeal is from a final judgment rendered by the Circuit Court of Duval County dismissing a petition for writ of mandamus. It will not be necessary to particularize the pleadings or the facts involved in the case in order to dispose of the merits of the appeal. The sole point presented calls for a determination of what specific facts must necessarily be averred in an affidavit which is filed as a predicate for the issuance of a writ of garnishment after judgment.
The pertinent statute provides that after judgment has been obtained against the defendant, before a writ of garnishment shall issue, the plaintiff, his agent or attorney, shall make and file in the court where the judgment has been obtained an affidavit stating the amount of the judgment, and that affiant does not believe that defendant has in his possession visible property upon which a levy can be made sufficient to satisfy the judgment.[1] The foregoing statute was originally enacted by the legislature of this state in the year 1845, and sets forth facts necessary to be averred in the affidavit as a prerequisite for the issuance of the writ. Thirty years later the Legislature enacted Chapter 2065, Laws of 1875, which now appears in our revised statutes as a part of Chapter 222 relating to homestead and exemptions. The first section of the 1875 Act provides that no writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.[2]
The prime question presented to us for decision is whether the affidavit to be filed by a judgment creditor as a basis for the issuance of a writ of garnishment, in addition to the facts required by F.S. § 77.03, F.S.A., must also aver that the money or other thing held by the garnishee subject to the commands of the writ is not due for the personal labor or services of the head of a family residing in this state.
In our determination of this question consideration must be given to the general philosophy which motivated the enactment of the statute in question. In the White case[3] the Supreme Court adhered to a decision written by Mr. Justice Chapman in the Wolf case[4] which by divided court affirmed a judgment rendered by the Circuit Court of Polk County. In Wolf it was said that by a liberal construction of the statute mentioned above "it is manifestly clear that the Legislature intended to maintain the financial equilibrium of each family in Florida by exempting from attachment by writs of attachment or garnishment earnings of the head of the family. The statute points out that no process shall issue by the courts of Florida when it is sought to attach the money or other thing that is due for the personal labor or services of the head of a family residing in Florida." [137 Fla. 313, 188 So. 85.] In this decision the Supreme Court gave emphasis to the prohibitory character of the statute by pointing out that no writs of garnishment shall issue out of any court if the effect of the writ will be to either attach or delay the payment of any money due for personal labor or services to the head of a family residing in this state. The clear wording of the statute imposes a mandatory duty on the courts to refrain from issuing writs of garnishment unless it is first made to appear by sworn averments of the judgment creditor that the money or other thing sought to be garnisheed is not due for the personal labor or services of the head of a family residing in Florida. *804 Garnishment proceedings were unknown to the common law and are statutory in origin. The requirements of the statute must be strictly complied with.[5] It therefore follows that a court is without lawful authority to issue a writ of garnishment unless the affidavit filed as a predicate therefor affirmatively avers that the money or other thing sought to be garnisheed is not exempt from attachment or garnishment under the provisions of the statute.
Such a conclusion is in harmony with the legislative purpose of relieving the families of wage earners from the expense and hardship which inevitably result when the payment of the earnings due the breadwinner of the family are either delayed or are impounded by judicial process.
Appellant urges that it would be unreasonable to adopt that interpretation which would impose on the judgment creditor the burden of first ascertaining whether the money or property held by the garnishee is due for the personal labor or services of the judgment debtor, and if so, whether the judgment debtor is the head of a family residing in this state, before the writ may issue. We cannot agree that such an interpretation would place an undue burden on the judgment creditor in light of the statutory protection intended to be afforded wage earners who have the responsibility for maintaining families dependent upon them for support. Mere delay in the payment of wages due a judgment debtor on the day when payment is expected will in itself result in hardship to the debtor's family. The burden which would necessarily be assumed by a wage earner in the employment of counsel for the purpose of securing for him the exemption benefits inherent in the statute, coupled with the burden of delay incident to a final adjudication of such claim, would be far greater than the burden cast upon the judgment creditor to make such necessary investigation as would enable him to aver in his affidavit that the money or property sought to be attached is not exempt to the judgment debtor under the provisions of law.
Appellant urges that the statute in question creates an exemption in favor of the judgment debtor which under the general rules of pleading need not be negated in the initial pleading of the plaintiff, but must be claimed as an affirmative defense to the action by the defendant. We concede the general rule to be as contended by appellant, but are of the opinion that the rule is not applicable to the statute here considered. No where in the statute is the word "exemption" employed. Primarily the statute is a limitation upon the court's jurisdiction to issue a writ of garnishment unless it affirmatively appears by sworn affidavit that the money or other thing sought to be garnisheed is not due for personal labor or services to a head of a family residing in this state. It renders immune to attachment or garnishment any money or other thing in the hands of a garnishee which is due the head of a family for labor or services performed by him. Only by inescapable inference can it be said that the statute creates an exemption, although it cannot be questioned that such is the effect of the prohibition contained therein.
In adopting the construction above stated we have not overlooked the next succeeding section of the 1875 Act, which purports to set forth the procedure to be followed by the judgment debtor after a writ of garnishment is issued. This section provides that whenever any money or other thing due for the personal labor or services of the head of a family is attached either by writ of attachment or garnishment, the person to whom the money is due may file in the proceedings an affidavit averring that the money attached is due for personal labor or services rendered by him and that he is the head of a family residing in this state.[6] This provision of the statute was *805 evidently intended to provide the procedural vehicle by which a judgment debtor may claim the exemption accorded him by the statute in the event of a writ of garnishment issues, the effect of which is to attach or delay the payment of money due him as the head of a family for personal labor or services. If the statute under consideration stopped here, we would have no problem. The statute further provides, however, that when such affidavit is made and notice thereof served on the person who caused the writ to issue, if the facts set forth in the affidavit are not denied within two days after service, the process shall be returned and all proceedings thereunder shall cease. The statute likewise provides that if the facts stated in the affidavit are denied by the garnishor within the time limited, the matter shall be tried by the court from which the writ issued.
Appellant argues with much force and logic that the last two mentioned provisions of the statute would be entirely superfluous and meaningless if it is held that under the preceding section of the statute the judgment creditor is required to affirmatively aver in his affidavit that the money or thing sought to be attached is not due the head of a family for personal labor or services before the writ of garnishment may issue. Appellant argues that if such averment is made in his basic affidavit, and is later traversed by the affidavit of the judgment debtor, there is no purpose to be served by those remaining provisions of the statute which require the judgment creditor to traverse the affirmative allegations of the debtor's affidavit relating to the exemption. We likewise find it difficult to rationalize the necessity for those provisions of the statute which require the judgment creditor to traverse the averments contained in the judgment debtor's affidavit regarding the right to exemption when such right is already negated in the judgment creditor's basic affidavit which formed the predicate for the issuance of the writ. We must conclude that the Legislature had some purpose in including these provisions in the statute, the only reasonable purpose of which could be to require the additional affidavit to be filed by the judgment creditor so as to pinpoint the issue of exemption to be tried by the court. Such conclusion is fortified by the realization that the statutes in question were adopted during that period of our state's jurisprudence when actions at law were litigated in accordance with common law rules of practice and procedure. Under that procedure the issues to be tried were framed by the filing of the declaration, the plea, the replication, the rejoinder, the sur-rejoinder, the rebutter, the surrebutter, etc. It was not until after the strength and patience of the pleaders, as well as all known forms of pleadings were exhausted, that the case was considered to be at issue and ready for trial. It well may have been an appreciation of this form of procedure that formed the basis of the Legislature's action in delineating the various affidavits and counter-affidavits which it required to be filed in framing the issue of exemption under the garnishment statutes here considered.
We therefore hold that the judge of the trial court was justified in refusing to issue the writ of garnishment applied for by appellant because of the latter's failure or refusal to aver in his affidavit that the money or other thing sought to be garnisheed was not due the head of a family residing in Florida for personal labor or services. It follows that the Circuit Court was correct in dismissing the petition for writ of mandamus, the purpose of which was to require the trial judge to issue the writ of garnishment irrespective of appellant's failure to aver in his affidavit the prerequisite facts negating the judgment debtor's entitlement to the exemption afforded by the statute. The judgment appealed is accordingly affirmed.
Affirmed.
CARROLL, DONALD K., Chief Judge, and STURGIS, J., concur.
NOTES
[1] F.S. § 77.03, F.S.A.
[2] F.S. § 222.11, F.S.A.
[3] White v. Johnson et al., Fla. 1952, 59 So.2d 532.
[4] Wolf v. Commander, 1939, 137 Fla. 313, 188 So. 83.
[5] Corbin v. St. Lucie River Co., Fla. 1955, 78 So.2d 396, 47 A.L.R.2d 968.
[6] F.S. § 222.12, F.S.A.