■ PEARSON, TILLMAN, Chief Judge.
The appellant was cross-defendant in the trial court. The appeal is from a summary final decree entered .after decree pro con-fesso had been entered against the appellant.
The original plaintiff was Mae Simon. She filed a complaint against the appellees, David Leach and Jafis Corporation, who filed an answer and counterclaim and also moved to join Murray Simon as a party defendant. The motion was granted, and subsequently appellees filed an “amended counterclaim” against Mae Simon and Murray Simon. On July 3, 1961, Mae Simon filed her motion to dismiss. The appellant, Murray Simon, was served with a summons and the amended counterclaim on the 8th of July, 1961. The same attorneys representing Mae Simon undertook to represent Murray Simon, and on July 20th another motion to dismiss was filed. This motion also stated that it was filed on behalf of Mae Simon. On September 6, 1961, a decree pro confesso was entered against the appellant, Murray Simon, for his failure to plead.
*740 A motion to vacate the decree pro confes-so was made on September 19th. This motion was sworn to by counsel and set forth that the second motion to dismiss was intended as the pleading of Murray Simon, but was improperly labeled.[1] After hearing, the motion to set aside the decree pro confesso was denied.
The appellant has presented two points. The first urges an abuse of discretion by the trial judge in refusing to vacate the decree pro confesso entered against appellant. The second urges that in the summary final decree the court erroneously granted relief not prayed for in the cross-claim.
Before we consider the first question as to the setting aside of the interlocutory order entering decree pro confesso, it should be noted that this case was decided by the trial court prior to the publication of the opinion of the Supreme Court of Florida in North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849. In that opinion, the Supreme Court reversed a decision of this Court in which we had held to a strict interpretation of the rule requiring the presentation of a good cause and meritorious defense upon a petition to vacate a default.
In the Supreme Court’s opinion it was specifically pointed out that in a case of reasonable doubt where there has been no trial upon the merits, the discretion of the trial judge is usually exercised in favor of granting the application so as to permit a determination of the controversy upon its merits. Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9; State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40.
We conclude that if the trial judge in the instant case could have had before him the opinion of the Supreme Court in North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, he would have granted appellant’s motion to set aside the decree pro con-fesso. We reach this conclusion because an examination of the original record before us substantiates the allegation and affidavit of counsel made in his motion to set aside the decree pro confesso to the effect that the second motion to dismiss was, in fact, intended to be on behalf of appellant. It is more reasonable to believe that a clerical error occurred on the second motion when the name of Mae Simon was again typed on the motion rather than to infer that the attorneys who represented both Mae and Murray Simon would file the same motion a second time for the same cross-defendant.
The trial judge may have been strongly influenced by the fact that no answer was tendered and the sworn motion stated only *741 that the cross-defendant, Murray Simon, had a good and meritorious defense. But the allegation of the existence of meritorious defense receives weight as to its validity from the fact that Mae Simon filed the original complaint and the position of Mae and Murray Simon upon the litigation in progress appear from the allegations of the complaint.
We hold that the trial judge erroneously denied appellant’s motion to set aside the decree pro confesso, and that the interest of justice will be served in this case by the reversal of this order and the summary final decree based thereon and the remand of the case to give Murray Simon an opportunity to file his answer and be heard upon the issues raised.
Reversed and remanded.

. From the motion for entry of order setting aside decree pro confesso:
“1. Service of process in this cause was duly and regularly effected against said Defendant.
“2. On July 19, 1961, a Motion to Dismiss was filed in this cause, which was intended to be a Motion to Dismiss the Complaint on behalf of the Defendant MURRAY SIMON. However, said Motion was improperly labeled as the Motion of MAE SIMON, Defendant, when in fact it was intended to be the Motion of the Defendant MURRAY SIMON.
“3. That the incorrect preparation of said Motion was the fault of the attorneys representing the said Defendant MURRAY SIMON, inasmuch as HERMAN T. ISIS, Attorney handling this cause was away on vacation, as was his secretary, and the said Motion was prepared for and on behalf of said Defendant and HERMAN T. ISIS by HENRY M. CAIN, who inadvertently inserted the name MAE SIMON instead of MURRAY SIMON.
“4. That a Motion to Dismiss the Amended Counterclaim in this cause was filed for and on behalf of the Defendant MAE SIMON, by mail, on the 30th day of June, 1961, and the instrument entitled “Motion to Dismiss” bearing date of mailing, July 19, 1961, was intended to be the Motion to Dismiss of the Defendant MURRAY SIMON.
“5. That the Defendant MURRAY SIMON, as an examination of all of the pleadings in this cause will show, has good and meritorious defenses to the action filed herein against him, and allowing said default to remain is not to the best interest and ends of justice.”