158 So.2d 814 (1963)
Georgia B. STRICKLAND, Appellant,
v.
COMMERCE LOAN COMPANY OF JACKSONVILLE, Florida, a corporation, Appellee.
No. E-270.
District Court of Appeal of Florida. First District.
December 19, 1963.
No appearance for appellant.
Cox, Grissett, MacLean & Webb, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff seeks appellate review of a final judgment dismissing her second amended complaint on the ground that it fails to state a cause of action. In considering its sufficiency as a matter of law, all well pleaded allegations of the complaint are taken as true.
By her complaint plaintiff alleges that defendant recovered a judgment against her and her husband in the sum of $851.64; that subsequent to the entry of such judgment, defendant instituted a garnishment proceeding directed to plaintiff's employer, Southern Bell Telephone and Telegraph Company. As a predicate for this proceeding, defendant submitted the affidavit of its duly authorized agent in which it averred under oath that plaintiff was not the head of a family residing in Florida. This averment *815 was made in order to satisfy the interdiction of F.S. § 222.11, F.S.A., which provides that no writ of garnishment shall issue from any court of this State to attach or delay the payment of money due to any person who is the head of a family residing in this State, when the money is due for the personal labor or services of such person. See Noland Company, Inc., v. Linning, (Fla.App. 1961) 132 So.2d 802. Pursuant to the commands of the writ of garnishment the wages earned by and payable to plaintiff by the garnishee employer were attached and plaintiff deprived of the use thereof. The complaint further alleges that at the time of the execution and filing of its affidavit in garnishment, defendant well knew that plaintiff was the head of a family under the laws of the State of Florida, and that the averments of the affidavit executed by it were false and untrue. In the garnishment proceedings defendant's affidavit was traversed by plaintiff which traverse denied that plaintiff was not the head of a family under the laws of this State. On the issue thus joined a trial by jury was had which resulted in a verdict in favor of plaintiff, whereupon plaintiff's wages theretofore attached under defendant's writ of garnishment were released and paid over to her. The complaint further alleges that defendant maliciously invoked the legal process of garnishment to unlawfully and wrongfully coerce the application of plaintiff's wages to the judgment which defendant held against plaintiff and her husband. The complaint alleges in conclusion that as a result of defendant's unlawful act, plaintiff suffered damages for which she claims judgment.
A cause of action in tort for the wrongful and malicious seizure of property under a writ of garnishment or attachment is generally recognized by most jurisdictions of this country.
"Although in some states the rule is, independent of statute, that the mere fact that an attachment was wrongfully issued and levied gives rise to a cause of action for damages, even though the plaintiff was not actuated by malice or had probable cause for the belief that ground for attachment existed, in the majority of cases, malice and a want of probable cause are required. Acting upon the principle of the common law which guarantees a remedy for the enforcement of every right, `ubi jus, ibi remedium,' the judges declared that the malicious suing out of the writ of attachment, without probable cause, should give rise to a cause of action equally with, and analogous to, the malicious prosecution of a criminal prosecution. Thus, it has become established that generally the principles governing a common-law action for the wrongful issuance of an attachment are those common-law principles applicable to actions for malicious prosecution."[1]
In C.J.S. it is stated:
"A garnishment is wrongful where the grounds on which it is obtained do not in fact exist, even though the person who secured the writ or made the affidavit believed, or had reasonable cause to believe, that the alleged facts were true. * * * An action for damages will lie for wrongful garnishment; it may be in trespass or case, or, more specifically, for malicious prosecution or abuse of process. * * * Except in the case of an action for malicious prosecution or abuse of process, malice and want of probable cause are not essential elements of an action for damages for wrongful garnishment, although * * * they affect the right to recover exemplary damages."[2]
*816 The principle is restated in Florida Jurisprudence as follows:
"It is settled that one has a common-law cause of action against the creditor for the wrongful and malicious seizure of his property without probable cause under a writ of attachment or garnishment. Originally, this action was commenced as an action of trespass, but is now more nearly analogous to an action for malicious prosecution."[3]
The only expression of an appellate court in Florida concerning the question here considered is the Nash case[4] decided by the Supreme Court in 1955. That case involved a counterclaim by the defendant debtor by which damages were claimed as a result of the plaintiff creditor having willfully and maliciously procured a writ of garnishment attaching counterclaimant's bank account upon a false affidavit for the purpose and with the intent of forcing the counterclaimant to pay an unjust obligation. A jury verdict rendered in favor of the debtor counterclaimant was reversed by the Supreme Court on the procedural ground that the cause of action alleged in the counterclaim should have been brought in a separate suit and not combined with the suit by which plaintiff creditor sought judgment for its claim against defendant on a trade account between them. In reaching its decision, the Supreme Court said:
"Although we have concluded that the giving of the bond by the defendant did not have the effect of so completely discharging the writ of garnishment that there could be no liability on the part of the plaintiff, we cannot agree that a counterclaim for injury to the defendants' `personal and financial reputation' should have been entertained in this case. The cause of action did not fall in the class of compulsory counterclaims. In the first place it arose out of an ancillary proceeding not `out of the transaction or occurrence that [was] the subject matter of the action.' Sec. 52.11, Florida Statutes 1953, and F.S.A. In the second place we do not think such a claim, in tort, is properly triable with the issues of amounts due, to the appellants for materials sold and to the appellees for ruination of their crop. The confusion from mixing these issues with one relative to damage by reason of maliciously obtaining the writ of garnishment is obvious."
Although the Court's decision in Nash turned entirely on a question of procedure, it is difficult to perceive how the Court could have reached that decision without holding, as the opinion appears to do, that a recognizable cause of action was alleged in the counterclaim. This is the conclusion which the Second District Court of Appeal apparently reached in the Jones-Mahoney Corp. case.[5] After citing and analyzing the Nash case, the Second District Court of Appeal said:
"The Supreme Court of Florida concluded that the counterclaim should not have been entertained because of the confusion created by the differing causes of action. The opinion there nowhere suggests that the counterclaim should have been stricken or dismissed. We construe it as saying only that the two issues should not have been tried at the same time before a jury but not as prohibiting the retention of the counterclaim for separate proceedings."
From the foregoing, it is our conclusion that the amended complaint filed by appellant herein adequately states a *817 cause of action, and that the trial court erred in entering its judgment of dismissal. The judgment appealed is accordingly reversed and the cause remanded for further proceedings.
Reversed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] 5 Am.Jur., Attachment and Garnishment, § 984, pp. 189-190.
[2] 38 C.J.S. Garnishment §§ 310, 311, pp. XXX-XXX-XXX.
[3] 3 Fla.Jur., Attachment and Garnishment, § 161, p. 313.
[4] Nash v. Walker et al., (Fla. 1955) 78 So.2d 685.
[5] Jones-Mahoney Corp. v. C.A. Fielland, Inc., (Fla.App. 1959) 114 So.2d 18, 20.