TILLMAN PEARSON, Judge.
The appellant has brought for review a summary final judgment in a garnishment proceeding. The appellees, Linda Barrett and Louise Dawson, recovered a final judgment in a personal injury action and then garnished the defendant’s insurance carrier.
It is apparent from the record that the basis for the summary judgment in the garnishment proceeding was the trial judge’s conclusion that the law of the case before him had been fully established by a decision in another trial court involving the same parties. This conclusion was not warranted because the decision relied upon had been appealed and superseded at the time of the summary final judgment. A supersedeas has the effect to suspend all further proceedings in relation to a judgment superseded, but it does not, like a reversal, annul it. The supersedeas, being preventive in nature, does not set aside what the trial court has adjudicated, but stays further proceeding in relation to the judgment until the appellate court acts thereon. Bacon v. Green, 1894, 36 Fla. 313, 18 So. 866. The act of the trial judge in the court below involved a proceeding in relation to the judgment superseded and should have been stayed until the disposition of the appeal had become final. The wisdom of the rule cited is borne out by the fact that the judgment relied upon has since been reversed by the Court of Appeal, Second District. See Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company v. Traister, Fla.App.1965, 173 So.2d 153 [opinion filed 2/19/65],
In order to reach the question discussed above, it was necessary for us to consider appellant’s contention that it was entitled to a judgment as a matter of law because the traverse of its answer was filed more than ten days after the filing of the answer. Rule 2.12(a) Fla.R.Civ.P., 31 F.S.A.
“(a) Time for Traverse. When any garnishee answers at the time required by law and the plaintiff is not satisfied with the answer of any such garnishee, he shall within 10 days thereafter file a statement traversing the allegations of the garnishee in such particulars as he desires, whereupon the cause shall proceed as provided by law. Upon failure of the plaintiff to file such traverse such answer shall be taken as true and upon proper disposition of the assets, if any disclosed thereby, the garnishee shall be entitled as of course to an order discharging him from further liability under the writ.”
In the present instance the writ of garnishment made no reference to insurance. Furthermore, the sworn answer of the garnishee simply denied that it was indebted to the defendant. The garnishee did not reveal its full defense which was its contention that it was not liable upon the contract of insurance issued to the defendant in the principal action (even though it had defended the principal action for its alleged insured). This answer while sufficient in form was not complete. See Jax Ice & Cold Storage Co. v. South Florida Farms Co., 1926, 91 Fla. 593, 109 So. 212, 48 A.L.R. 957. The garnishor should have filed its traverse on or before July 20, 1964; on August 3, the garnishee filed a motion for discharge. Before this motion was heard and on August 4 the garnishor filed its traverse in which it set up the claimed existence of the insurance policy. On Au *419 gust 10, the trial judge denied the motion for discharge and permitted the traverse to stand.
The question is then whether the trial judge had the power to accept the late traverse. If he did not, the rights of the parties were irrevocably fixed on the 11th day after the answer when the garnishor failed to file a traverse.
The courts'of this State have, within recent years, leaned toward the view that in dealing with the progress of a cause in the trial court, the trial judge has a reasonable discretion to allow the remedying of defaults in order to reach an issue upon the merits of litigation. Simon v. Leach, Fla.App.1963, 148 So.2d 739; Schroeder v. Schroeder, Fla.App.1958, 102 So.2d 729. This is especially true where the default in pleading has not in any way precluded a fair trial upon the merits. Schroeder v. Schroeder, supra.
We know of no reason why the rule should be different in garnishment. See Corbin v. St. Lucie River Co., Fla.1955, 78 So.2d 396, 47 A.L.R.2d 968. In the Corbin case it was held that in a garnishment proceeding the trial court erred when it refused to allow an amended or new garnishment bond after the issuance of the writ. The result in Corbin was reached upon the reasoning that, in view of the statute providing for amendments generally, the court should be permitted to amend a garnishment bond in the interest of justice and better security, the main proceeding not being affected. The language to which we refer is as follows:
“ * * * In this holding we do not overlook the fact that some earlier cases held that attachment and garnishment were statutory and that statutory requirements must be strictly complied with. -This rule still prevails as to the remedy but not as to amendments in form that aid in the furtherance of justice when the purpose of the proceeding is not departed from or materially affected * * 78 So.2d at 397.
It is our holding that the trial judge’s refusal to enter judgment for the defendant, garnishee, because of the late traverse by the garnishor, was in the furtherance of justice and the purpose of the proceeding was not departed from nor materially affected.
The summary final judgment is reversed because the trial judge erred in holding that appellees, garnishors, were entitled to a judgment as a matter of law and the case is remanded for a trial on the issues made by the answer and the traverse.
Reversed and remanded.