MCDONALD, PARKER LEE, Associate Judge.
After securing a judgment against O. H. Hall, Sr., d/b/a Hall’s Glass Supply, on April 1, 1964, the appellant filed an affidavit and secured a writ of garnishment directed to R. M. Thompson Construction Co. Thompson responded admitting an indebtedness to Hall in the amount of $18,087.93, but also alleging that claims against this fund exceeded the amount of indebtedness. Attached to the answer were copies of assignments to creditors which, if valid, would exceed the amount of the indebtedness. No traverse was filed to this answer.
Approximately two months after this, the garnishee filed a motion to dissolve the garnishment and quash the writ on the ground that the Plaintiff had failed to state in its garnishment affidavit that the monies held by the garnishee were not due for the personal labor or services of the head of a family residing in the State of Florida. The following day the appellant filed an amended garnishment affidavit which was identical to the first, except that it added this allegation. The amended affidavit made no reference to the original affidavit. No motion was directed to the Court for leave to file an amended affidavit.
The Trial Court, acting upon the authority expressed in Noland Company v. Linning, 132 So.2d 802, dismissed and quashed the writ of garnishment dated April 1, 1964.
The appellant contends that with its filing of the amended garnishment affidavit the writ should not have been quashed and further that the writ should relate back to the time of the filing of the original affidavit. Appellant does not take the position that it was not necessary to allege the fact that the monies were not due to the head of a household for wages. We should pause here to state that this Court agrees that a judgment creditor in his affidavit for a writ of garnishment must, in addition to the facts required by Florida Statutes 77.03, F.S.A., aver that the money or other thing held by the garnishee subject to the commands of the writ is not due for the personal labor or services of the head of a family residing in this state. We further agree that a clerk cannot be compelled to issue a writ without this allegation being present. In the case at bar, however, the writ was issued.
*8 The question then arises as to "whether or not the original affidavit required before a writ of garnishment shall issue can be amended after the issuance of a writ and relate back to the date of the filing of the original affidavit. It would appear that Rule 1.15, Rules of Civil Procedure, 30 F.S.A., gives a party a vehicle under which this may be sought to be accomplished. It must be noted, however, that the filing of an amended affidavit, as was done in this case, is not a sufficient method of obtaining this relief. An answer had been filed and under Rule 1.15(a) the appellant could amend his pleading only by leave of Court or by written consent of the adverse party. The record fails to indicate that any such request was made. Whether or not such a request made would have been granted would necessarily depend upon the facts and circumstances presented to the trial court to enable him to determine whether or not the amendment would be “in the furtherance of justice” as stated in Rule 1.15(e).
The status of the pleadings and the record that existed at the time of the hearing before the trial judge required him to grant the motion to quash the writ and there was no error on his part in doing so.
The appellant urges also that since the garnishee had filed its answer, it had waived the defect in the affidavit. We cannot agree with this. Rule 1.11(h) refers to waiving of defenses but specifically indicates that an answer does not waive the defense of a failure to state a cause of action. In essence, the affidavit that the appellant originally filed failed to state a ■cause of action for a writ of garnishment. The Court was at liberty to consider this defect at any time.
After the order quashing the original writ, the appellant filed an alias writ of garnishment directed to Thompson. This time Thompson replied that it had but $2,-000.00 due Hall and urged that this sum was claimed by another trial court rule that another judgment creditor had priority to this fund. No error appears in this ruling.
The judgment and orders of the lower court are therefore affirmed.
SHANNON, Acting C. J., and SMITH, J., concur.