CRENSHAW, Judge.
Cortez Community Bank (the Bank) appeals the trial court’s final summary judgment of garnishment entered against the Bank and in favor of Michael G. Cobb. Because genuine issues of material fact remain to be determined as to the amount owed by the garnishee Bank, we reverse and remand for further proceedings.
In September 2008, the trial court entered a default judgment against multiple defendants in the amount of $172,194. Cobb subsequently served four writs of garnishment on the Bank, the first of which was served on October 2, 2008, in an attempt to collect upon the default judgment. The Bank, beginning on October 2, 2008, filed responses in letter form to the writs signed by the Bank’s senior vice president and chief operating officer. Four months later on February 12, 2009, the Bank through counsel filed answers to the writs. After a hearing on Cobb’s renewed motion for summary judgment, the trial court entered the final summary judgment of garnishment against the Bank, and the Bank timely filed this appeal.[1]
We review de novo a trial court’s ruling on a motion for summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130-31 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id. at 130. In ruling on a motion for summary judgment, the trial court is required to consider “the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file.” See Fla. R. Civ. P. 1.510(c). Here, the record before us, including the Bank’s answers to interrogatories, contains disputed issues of material fact regarding the amount owed by the garnishee Bank. We therefore find the trial court erred in granting Cobb’s motion for summary judgment.
Section 77.06(1), Florida Statutes (2008), specifically provides that in a garnishment action, “[sjervice of the writ shall make garnishee liable for all debts due by him or her to defendant ... at the time of the service of the writ or at any time between the service and the time of the garnishee’s answer.” Here the Bank argues that its liability is limited to the time the Bank’s senior vice president and chief operating officer responded to the writs. However, because a corporation cannot represent itself pro se, we find that the Bank’s liability continued until the time the Bank’s counsel filed answers on February 12, 2009. See Nicholson Supply Co. v. First Fed. Sav. & Loan Ass’n of Hardee Cnty., 184 So.2d 438, 440 (Fla. 2d DCA 1966) (“An individual is authorized to represent himself without the necessity of employing an attorney, but this rule is not stretched to permit a corporation to do so.”). We therefore instruct the trial court to determine the amount owed by the garnishee Bank with liability extended to the date the Bank’s counsel filed answers.
*82 Finally, we affirm the trial court’s order denying the Bank’s motion for discharge. The Bank argues that the trial court erred in denying the Bank’s motion for discharge because Cobb did not timely serve a reply to the Bank’s answer pursuant to section 77.061.[2] We reject this argument and find the trial court acted within its discretion in accepting Cobb’s belated reply. See Pa. Threshermen & Farmers’ Mut. Cas. Ins. Co. v. Barrett, 174 So.2d 417, 419 (Fla. 3d DCA 1965) (concluding the trial court acted within its discretion in accepting a late-filed traverse and in refusing to enter judgment for the garnishee based on the late filing because the court acted “in the furtherance of justice and the purpose of the proceeding was not departed from nor materially affected”).
Because genuine issues of material fact remain to be determined as to the amount owed by the garnishee Bank, we find the final summary judgment against the Bank was prematurely granted. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded with instructions.
YILLANTI and KHOUZAM, JJ., Concur.

. We note that the trial court initially denied Cobb’s motion for summary judgment against the Bank. The trial court changed its position after Cobb's motion for rehearing, con-eluding that the initial answers to the writs filed by the Bank were improperly submitted pro se.

. Section 77.061 provides the following:
Reply. — When any garnishee answers and plaintiff is not satisfied with the answer, he or she shall serve a reply within 20 days thereafter denying the allegations of the answer as he or she desires. On failure of plaintiff to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ.