**M. R. COGGIN and A. DEERMONT, co-partners doing business as Coggin & Deermont, v. MARY JANE BARFIELD.**

8 So. (2nd) 9                                                    Division B
May 12, 1942

Merritt & Brown, and James N. Daniels, for plaintiffs in error.

Paul Carter and B. L. Solomon, for defendant in error.

THOMAS, J.:

As a preface to our discussion of the questions presented in this controversy it seems well to give in chronological order the steps of the proceeding culminating in the final judgment which we are asked to review.

On the return day given in the summons ad respondendum the plaintiff filed her declaration, the defendants having a few days before that time lodged their appearance with the clerk. Default was entered on the next rule day for failure of the defendants to plead or demur. The day afterwards a default judgment was entered in accordance with the provisions of the statute and the same day a jury was empanelled and returned a verdict in favor of the plaintiff. The following day the clerk filed the defendants' plea.

Within the week the defendants presented their motion to set aside the default and final judgments representing that their plea was prepared and erroneously forwarded to the clerk of the circuit court for Jackson County,—the cause of action was pending in the adjoining county of Washington—in ample time to be filed on the rule day following the filing of the declaration. It was further stated in the motion that the clerk of the circuit court of Washington County was informed over the telephone by the corresponding officer in Jackson County before the former entered

the judgments that the plea had been sent to the latter through mistake and that it was being mailed to the proper office for filing. This situation was fully substantiated by the affidavits of the deputies clerk, one from each county, between whom the telephone conversation was held. The ciruit judge denied the motion.

The copy of the declaration furnished by attorneys for the plaintiff to adverse counsel bore the title "Fourteenth Judicial Circuit of Florida Circuit Court of *Jackson* County" (we have supplied the italics), although the suit was instituted in Washington County. We do not hold the view that this misnomer of the place where the suit pended was calculated to mislead or that it is determinative of the question involved but it does account in some degree for the confusion which resulted in the plea being filed in the wrong office. It has been seen that the default and final judgments were entered the same day that the clerk of the court where the suit was being entertained learned that the plea had been received by the clerk in a neighboring county. Patently, there was no attempt on the part of the defendants to delay the formation of an issue in the case by the filing of a motion, demurrer or any dilatory pleading because a statutory plea was forwarded in ample time to reach its destination on the rule day succeeding the one on which the declaration was filed. When the plea reached the proper office to be filed it was but two days later. Despite these considerations and the diligence shown by the defendants in making their motion within a week after the entry of the judgments the court denied the defendants relief.

Authority for the vacation of a default "for good cause shown" and to allow the defendants to plead, or even demur, is found in Section 4287, C. G. L., 1927. It is true the rule that the opening of judgments is a matter of judicial discretion and "in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits." 31 Am. Jur., Judgments, Section 717. As it is expressed in Florida Common Law Practice (Crandall) Section 54, "the courts are reasonably liberal in granting motions to set aside defaults." As long ago as 1863, Waterson v. Seat and Crawford, 10 Fla. 326, 331, this Court announced the "tendency of the Courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense." Even more liberal construction in favor of the defendant was given in Russ v. Gilbert, 19 Fla. 54, 57, where it was written that it would be gross abuse of discretion not to allow a defendant to present his defense if he had a meritorious one, was innocent of "culpable negligence" and willing to plead and to "go to trial without delay."

The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.

There seems to have been no occasion for the procedure followed in order to save the plaintiff from any dilatory tactics by the defendant. The plea was one placing the cause at issue and it was known to be of that character when the default judgment was entered. The clerk and the attorneys for the paintiff were aware, too, that the pleading would be filed in the correct court as soon as it could reach there by mail. The record is free of any indication that an immediate trial could not have been held.

Although the setting aside of defaults is a matter of discretion the action of the trial court is subject to appellate review and to reversal if there is gross abuse. We are convinced that in all the circumstances reflected in the record and in consideration of the decisions of this Court and others on the subject the order was erroneous and that justice requires a reversal of the judgment.

It is ordered with directions to the circuit judge to proceed with the cause as if no judgment by default or final judgment had been entered.

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.