143 So.2d 849 (1962)
NORTH SHORE HOSPITAL, INC., Petitioner,
v.
Carol Ann BARBER, by and through Her Father and Next Friend, Franklin Barber, and Franklin Barber, Respondents.
No. 31625.
Supreme Court of Florida.
July 3, 1962.
Rehearing Denied September 18, 1962.
*850 Carey, Goodman, Terry, Dwyer & Austin and Raymond J. Dwyer, Miami, for petitioner.
Alan H. Rothstein and Dermer & Rosen, Miami Beach, for respondents.
ROBERTS, Chief Justice.
This case is presented to us by petition for writ of certiorari to the District Court of Appeal, Third District. Petitioner asserts that the decision of the District Court is in direct conflict with a number of decisions of this court.
This action was instituted by the respondent infant and her father for damages resulting from the alleged negligence and malpractice of the petitioner hospital corporation, as a result of which the infant respondent allegedly contracted a staphylococci infection. The complaint was filed on February 10, 1960. No answer was filed and a default was entered on March 10, 1960. It does not appear that this default was ever reduced to judgment.
On March 15, 1960, the petitioner, through counsel, moved to set aside the default. Accompanying the motion was an affidavit of the petitioner's counsel, wherein it was alleged that the complaint had been served on the president of the hospital who turned it over to the administrative offices of the hospital for transmission to the insurance carrier. The administrative office, through inadvertence, misplaced the complaint, as the result of which it was not transmitted to the insurance carrier. This mistake was not discovered until March 14, 1960, whereupon the insurance company was immediately notified and counsel engaged to defend the action. The affidavit also alleged that the petitioner hospital was not negligent in caring for the infant respondent.
The trial court granted the motion to set aside the default and allowed the petitioner five days to file an answer. The answer was filed, and thereafter extensive discovery was conducted by both parties. On the basis of the matters brought out by discovery, the petitioner moved for summary judgment which was granted. The respondent thereupon appealed to the District Court, asserting, first, that the trial court was without jurisdiction to vacate the default, and, second, that it had abused its discretion in setting aside the default. The District Court of Appeal reversed in an opinion reported at 133 So.2d 339. Said court held that the trial court, by virtue of its inherent power to control its interlocutory orders prior to the entry of final judgment, had jurisdiction to vacate the default. However, the court went on to hold that the petitioner's motion to vacate and the affidavit did not disclose sufficient good cause to set aside the default, inasmuch as the inadvertence of the hospital staff *851 did not constitute excusable neglect and no meritorious defense was presented or pleaded. The court observed that the statute relating to vacating defaults had been repealed in 1955. It was stated, however, that "* * * the repeal of the statute did not repeal the common law duty upon the trial judges to inquire as to whether or not the movant had both good cause for his neglect and a meritorious defense to the action." For these reasons, the District Court reversed and remanded the cause to the trial court with instructions to reinstate the default.
The issues before this court are twofold: (1) Whether the decision of the District Court is in direct conflict with our prior decisions so as to vest this court with jurisdiction; and (2) whether the District Court was in error in reversing the trial court's order vacating the default.
At this juncture, it is well to point out that we are not concerned here with the power of a trial court to vacate a default following final judgment. As pointed out previously, final judgment was not entered on the default in this case. We are faced only with the setting aside by the trial court of its interlocutory order of default. Our discussion will, therefore, be limited to the instant situation. As the District Court held, it is well settled that a trial court has the inherent authority to control its own interlocutory orders prior to final judgment. Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825.
It is our opinion that the District Court's decision does collide directly with our prior decisions on the points at issue, and that the District Court erred in reversing the trial court on the grounds that it had abused its discretion in vacating the default.
As the District Court correctly observed, Section 50.10, Fla. Stat., F.S.A., providing for the vacating of defaults, which was enacted in 1873, was repealed by the legislature in 1955 by Chapter 29737, Laws of Florida, 1955. By referring to the preamble of the repealing act, however, it can be clearly discerned that the legislature did not have as its purpose the abolishment of the procedure for vacating defaults. This court, in 1954, adopted the Rules of Civil Procedure in substantially their present form. The implementation of these rules rendered unnecessary many of the procedural statutes then in force, and created a need for amendment of many others. To allay possible confusion between such statutes and the rules which superseded them, the legislature undertook to repeal, in a single statute, all procedural statutes, the subjects of which were covered by the adoption of the 1954 Rules of Civil Procedure. The preamble to the 1955 Act recites the need for integrating the statutes with the rules. As a basis for its action, the preamble also recited legislative reliance on the recommendations of the Committee on Civil Procedure as approved by the Board of Governors of The Florida Bar, and as contained in its report published in the January, 1955, issue of The Florida Bar Journal. In Division I of that report, the Committee stated:
"We recommend the repeal of the following sections:

 Repeal Covered by Rule
 * * * * * *
 50.10 1.6, 2.9, 3.9"

Rule 1.6 is entitled "Time," and provides in part that:
"The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which is and has been pending before it."
Rules 2.9 and 3.9 deal with defaults in actions at law and in equity, respectively. Neither of these last two mentioned rules, however, deal with the vacating of defaults, but only with the entry thereof. Thus it appears that the only inconsistency between the statute and the rules arose out *852 of the provision of the statute relating to terms of court as controlling the time within which a motion to vacate could be made. Moreover, it is also apparent from the preamble of the repealing statute that the repeal of Section 50.10 was on the strength of the Bar Committee's statement that the subject matter of the statute was "covered by" the rules mentioned above, when in fact those rules did not relate to the vacation of defaults. Of course, this fact does not invalidate the plain language of the repealing act, but it does disclose that the legislature did not intend thereby to abolish the long standing practice of the courts of vacating defaults in proper cases. Accordingly, although the body of the statute has, by fiat of the legislature, reverted to the dust of its creation, its spirit abides with us still. By the same token, the cases of this court decided under the statute, while not absolutely binding as authoritative precedent, should not be wholly disregarded, since they reveal this court's long standing policy of liberality toward the vacating of defaults.
The first point of conflict with prior authority arises from the District Court's holding that no meritorious defense was presented or pleaded by the petitioner hospital. This holding was made in spite of the fact that the motion, together with the affidavit, alleged that the hospital had a meritorious defense to the action inasmuch as it had not been negligent in its treatment of the infant respondent. In Town of North Miami v. State ex rel. Watson, 156 Fla. 340, 22 So.2d 762, we held that the denial of negligence contained in a responsive pleading alleged a meritorious defense so as to create an issue of fact. A similar holding was reached in State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40. See also Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239. It is said that "The proof of the pudding is in the eating." If that be so, what could constitute a better showing of a meritorious defense than to prevail in the action on the basis of that defense? In the case sub judice, the petitioner did prevail on his defense, by way of summary judgment. Although this judgment was attended on appeal by a presumption in favor of its validity, the District Court nevertheless reached the conclusion that no meritorious defense was presented. This holding, when measured by the authorities cited above, is in manifest error.
The second point in direct conflict with prior decisions of this court is the holding by the District Court that a mere abuse of the trial judge's discretion is a sufficient basis for reversal of his ruling on the motion to vacate. In Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, and Coggin v. Morris, 150 Fla. 555, 8 So.2d 11, which were by implication relied on by the District Court as well as in Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239, this court held that a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate. This is not to say that the District Court's reversal is fatally erroneous merely because they omitted to use the words "gross abuse", but when this omission is considered in light of the opinion as a whole, it becomes apparent that the District Court departed from established law and attributed to our prior decisions erroneous principles of law so as to create a direct conflict. Pinkerton-Hays Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441.
The third and last area of conflict is intertwined with the second. In Coggin v. Barfield, supra, this court stated:
"It is the rule that the opening of judgments is a matter of judicial discretion and `in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.' 31 Am.Jur., Judgments, Section 717. As it is expressed in Florida Common Law Practice (Crandall) Section 54, `the courts are reasonably liberal *853 in granting motions to set aside defaults.'
* * * * * *
"The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant."
Likewise, in State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, we said, "* * * if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case. 15 R.C.L. 721, § 175."
We conclude that the District Court's opinion, if permitted to stand, would inevitably thwart the liberal policy of this court as stated in the two decisions last cited.
Regarding the negligence of the hospital staff in misplacing the petitioner's copy of the complaint, it was held in Stevens-Davis Co. v. Stock, 141 Fla. 714, 193 So. 745, that the trial court had not abused its discretion in granting a motion to vacate a default judgment where the failure to answer was due to "* * * pure mistake and misunderstanding of counsel and their stenographer." In support of its holding on this point, the District Court relied on State ex rel. Benach v. Heffernan, Fla., 71 So.2d 745. That case, however, is clearly distinguishable from the instant case because it merely held the trial court had lost jurisdiction to set aside the default by reason of passage of time. The court did observe, in passing, that the defendant's failure to plead was due to their negligence in misplacing the summons and copy of the complaint. This observation, however, was made in answer to the appellant's contention that the entry of the default was the "result of mistake of law and fact," and obviously did not constitute a separate ground for reversing the trial court's order setting aside the default.
Of more importance as precedent than the case previously cited is Waterson v. Seat and Crawford, 10 Fla. 326. That case was decided prior to the enactment of the 1873 statute which has since been repealed. It therefore represents the common law of this jurisdiction upon the subject of vacating defaults. Upon repeal of the statute in 1955, the common law of the state as it existed prior to the act was revived. Florida Fertilizer & Mfg. Co. v. Boswell, 45 Fla. 301, 34 So. 241. Such revival of course does not apply to those portions of the opinion dealing with terms of court as bearing on the time within which a motion to vacate must be made. This subject is dealt with by Rule 1.6, Rules of Civil Procedure, F.S.A., and therefore the common law as to it has not been revived.
In the Waterson case, the defendant had moved to set aside a default decree entered against him, asserting by affidavit that he had placed the complaint in the hands of his attorneys, who, for reasons unknown to him, never filed an answer. The Circuit Court denied the motion and this court reversed, holding that the defendant was not guilty of culpable negligence. In a headnote by the court, the following rule was laid down:
"Whether a default should be opened, must depend on all the facts and circumstances connected with the case. If the party be guilty of gross negligence, the default will not be opened." (Emphasis supplied.)
The court also stated that "* * * it is the tendency of the courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense." Those lines were penned in 1863. When they are compared *854 with the decision of the District Court herein, it gives cause to wonder how much progress we have made in the last hundred years toward liberalizing rules of procedure so as to achieve substantial justice.
Upon consideration of the authorities hereinbefore cited, we conclude that the decision of the District Court is in error and must be reversed. Because of its disposition of the case on appeal, the District Court did not reach the question of the propriety of the entry of summary judgment in favor of the petitioner. While we possess the jurisdiction to determine this case fully on its merits, we do not do so because the other questions have been neither briefed nor argued before us. (See Tyus v. Apalachicola Northern Ry. Co., Fla. 1961, 130 So.2d 580.) Accordingly, the judgment is reversed and the cause remanded to the District Court of Appeal, Third District, for a determination of those issues not heretofore reviewed.
It is so ordered.
DREW, THORNAL, O'CONNELL and CALDWELL, JJ., concur.