MANN, Judge
(dissenting).
Appellant obtained a release from appel-lee on a form provided by the Financial Responsibility Division of the office of the State Treasurer and Insurance Commissioner. Later, appellee’s insurance carrier, as subrogee, brought an action in his name seeking damages. Appellant did not answer, and judgment was entered by default. A few months later she filed a petition asserting that she was a Negro female ignorant of the law and procedure involved and that she had a release, which she attached, which led her to believe that the judgment against her was entered unjustly. I agree.
Any citizen is entitled to assume that a full release, executed on a form provided for the purpose, absolves her of liability, and one who is ignorant of legal procedures may think herself on sound ground in ignoring the complaint served on her. While this neglect would not be excusable in a lawyer, it certainly would be as to the unlearned citizen possessed of a release duly executed, and the petition should have been granted. Our Supreme Court has made it clear that “if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.” North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849.
I would reverse.