264 So.2d 84 (1972)
RENUART-BAILEY-CHEELY LUMBER AND SUPPLY COMPANY, a Florida Corporation, Appellant,
v.
Richard Allen HALL, Appellee.
No. 72-480.
District Court of Appeal of Florida, Third District.
July 11, 1972.
*85 Gong & Storace, Miami, for appellant.
Podhurst, Orseck & Parks, Fuller, Brumer, Moss & Cohen, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant, Renuart-Bailey-Cheely Lumber and Supply Company, brings this interlocutory appeal from an order of the lower court denying its motion to set aside default.
A review of the record on appeal reveals that a default was entered against defendant-appellant when no answer or other response was filed following the receipt of plaintiff-appellee's complaint. After entry of the default, neither a motion for final judgment nor any other pleading, order or notice was filed nor any hearing held on this cause until defendant-appellant moved to set aside the default. In affidavits filed subsequent to the default, defendant-appellant stated that when the complaint was received it was transmitted to the appropriate insurance department office within the Renuart-Bailey-Cheely organization. This office was in the process of moving and the complaint was temporarily lost. When the complaint was eventually found, it was forwarded to the insurance company who refused to defend the suit because the subject default was already entered. Defendant-appellant then turned the matter over to their attorneys who did everything possible to vacate the default.
On these facts we find that the lower court should have vacated the default based upon the defense of excusable neglect. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Imperial Industries, Inc. v. Moore Pipe and Sprinkler Co., Fla. App. 1972, 261 So.2d 540; General Finance Corp. v. Northside Bank of Miami, Fla. App. 1968, 212 So.2d 917. By this action no prejudice will be worked against any party.
Reversed and remanded.