340 So.2d 515 (1976)
Warren FLAXMAN, Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Appellee.
No. 76-1206.
District Court of Appeal of Florida, Third District.
December 7, 1976.
*516 Koltun & Tobias, Coral Gables, for appellant.
Shutts & Bowen and William J. Kendrick, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
This interlocutory appeal is from an order setting aside a default and final judgment upon the motion of the defendant. The discretion of the trial court upon such an order is well-established. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Holiday Ranch, Inc. v. Roudabush, 171 So.2d 558 (Fla.2d DCA 1965); Gacl, Inc. v. Zeger, 276 So.2d 552 (Fla.3d DCA 1973). The instant case has the additional factor that the cause had proceeded to final judgment.
The trial judge's exercise of discretion in this case is supported by the fact that the defendant explained the loss of the summons and complaint and tendered an affidavit of good defense. See Renuart-Bailey-Cheely Lumber and Supply Co. v. Hall, 264 So.2d 84 (Fla.3d DCA 1972); and North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). A further equitable consideration appears from the fact that the plaintiff's attorney was actively in contact with the defendant, relative to the claim, after he had filed suit, and the fact of the filing of the suit was not disclosed to defendant. In addition, the plaintiff, at trial, amended his complaint on the damage issue in order to increase the damages allowable.
Affirmed.