341 So.2d 1013 (1977)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Daisey Q. BRYSON and Salvatore DeLuca, Appellees.
Daisey Q. BRYSON, Petitioner,
v.
TRAVELERS INSURANCE COMPANY, Respondent.
Nos. 76-788 and 76-1362.
District Court of Appeal of Florida, Fourth District.
January 7, 1977.
*1014 William R. Scherer, Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellant-Travelers Ins. Co., and as respondent.
James P. O'Flarity, Law Offices of James P. O'Flarity, Fort Lauderdale, for appellee-Daisey Q. Bryson, and as petitioner.
DOWNEY, Judge.
We have for review an interlocutory appeal (Case No. 76-788) from an order denying a motion to vacate a default consolidated with a petition for writ of certiorari (Case No. 76-1362) to review an order denying a motion to strike certain requests for discovery.
On January 7, 1976, Bryson filed suit against Travelers Insurance Company and Salvatore DeLuca for personal injuries arising out of an automobile accident. The parties stipulated to a ten day extension for the filing of a responsive pleading so that Travelers could further investigate the claim. On February 20, 1976, counsel for Travelers filed a motion for a 45 day extension of time to respond to Bryson's complaint. On February 25, 1976, Bryson filed a motion for default and noticed same for hearing on March 5, 1976. On March 5, 1976, Travelers filed an answer but did not attend the hearing on Bryson's motion for default because the date had not been properly noted on the calendar of Travelers' counsel. The court entered a default on March 5th. On March 8th Travelers filed a motion to vacate the default which was denied on March 29th. The interlocutory appeal involves the order denying the motion to vacate.
Had counsel for Travelers properly calendared the hearing date on Bryson's motion to enter a default, he would have been in a position to advise the court at the hearing that Travelers' answer had been filed or was being filed, since the answer was filed on the same day the hearing was held. So we are really concerned with whether counsel's failure to appear at the hearing was a mistake, excusable neglect or inadvertence.
Under the circumstances of this case, we feel the trial judge abused his discretion in not vacating the default. The *1015 answer was filed on the date the default hearing was held. Counsel's absence from the hearing was a mistake, or inadvertent or excusable neglect. English v. Hecht, 189 So.2d 366 (Fla. 3d DCA 1966).
The purpose of Rule 1.500, Fla.R. Civ.P., is to speed the cause along and prevent dilatory tactics. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). As we said in Clark v. Roberto's, Inc., 320 So.2d 870 (Fla. 4th DCA 1975):
"It has long been the policy of the courts in this state to liberally set aside defaults for failure of a defendant to plead so as to allow a determination of the controversy on the merits when the defendant demonstrates that his neglect was excusable and that he has a meritorious defense."
The period of time which elapsed from filing of suit to default was not an extended period, and the end to be accomplished by the rule would therefore not be frustrated or defeated in this case by vacating the default. Accordingly, the order denying the motion to vacate is reversed.
The Petition for Writ of Certiorari seeks to review an order in which the trial court refused to prevent Travelers from effecting certain discovery after the default had been entered. Since the effect of our decision in the interlocutory appeal will be to reinstate the issue of liability, the question involved on the Petition for Writ of Certiorari is moot.
The order appealed from in Case No. 76-788 is reversed and the Petition for Writ of Certiorari in Case No. 76-1362 is dismissed as moot.
CROSS and ALDERMAN, JJ., concur.