351 So.2d 355 (1977)
Harold E. BAILEY, Appellant,
v.
Frank DEEBOLD, Sr., Appellee.
No. 77-265.
District Court of Appeal of Florida, Second District.
October 21, 1977.
Rehearing Denied November 15, 1977.
Donald W. Belveal, Tampa, for appellant.
Julian Clarkson, Fort Myers, for appellee.
OTT, Judge.
The trial court granted appellee's motion to set aside a default and final judgment. We reverse.
The litigation below arose out of plaintiff/appellant's boat being damaged. On January 24, 1974 the appellant filed suit against an individual doing business as a marina. Then, in November 1974 the complaint was amended to bring in Matanzas Marine Corporation and the appellee as additional parties defendant.
*356 Appellee was served with process on April 28, 1976. In May of 1976 appellee  by his own admission  learned that a default had been entered against him. (The official entry of the default was on May 19, 1976.)
On June 21, 1976 the interlocutory default was reduced to a final money judgment against appellee.
In August 1976 the appellant took out two separate writs of garnishment seeking to attach a bank account of the appellee and a payment on a mortgage debt owed to appellee. The writ directed to the bank account resulted in a final garnishment judgment on September 14, 1976 to the extent of the funds of appellee in the bank account; the other writ  involving the periodic mortgage payment then due from Matanzas Marine Corporation to appellee  resulted in a final garnishment judgment entered on October 4, 1976 for the mortgage payment then due. The appellee was aware of both garnishment actions.
On October 1, 1976 the appellant filed a separate action in the nature of a Creditor's Bill naming appellee and Matanzas Marine Corporation as parties defendant. Appellant sought to reach the entire mortgage indebtedness owed by Matanzas Marine Corporation to the appellee insofar as required to satisfy the appellant's original money judgment against the appellee.
It was in response to this complaint that the appellee finally filed an answer and a further pleading entitled "Motion for Relief from Judgment and a Stay of Post-Judgment Proceedings." Appellee filed these documents on November 8, 1976. An identical motion was filed in the original action.
Insofar as pertinent, appellee's Motion for Relief from Judgment and a Stay of Post-Judgment Proceedings alleged the following:
4. That [in the month of May] [appellee] contacted the office of [a named law firm] and requested that the said law firm represent the [appellee] in defending the case which responsibility the said law firm agreed to undertake.
5... . sometime during the month of May, 1976 [appellee] learned that a default judgment had been entered against him and thereafter wrote a letter to the attorney for the [appellant] [named] expressing his concern... .
7. During the pendency of the lawsuit [appellee] was outside the Lee County area and at times outside the State of Florida and had assumed that the law firm previously referred to which he had retained to represent him had done so and that this matter was being handled in a proper and timely manner.
8. That all of the developments that occurred pertaining to the progress of the lawsuit were the result of [appellee's] dependence on other parties to represent him and his failure to properly enter a defense was due to excusable neglect and surprise on the part of the [appellee].
Fla.R.Civ.P. 1.540(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party . . from a final judgment, decree, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect; ... .
The motion shall be made within a reasonable time, and ... not more than one year after the judgment, decree, order or proceeding was entered or taken.
Florida courts have been distinguished by their "long standing policy of liberality toward the vacating of defaults." North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962). There, a complaint in malpractice and negligence was served on the president of a hospital. He turned it over to the administrative offices of the hospital for transmission to the insurance carrier. Through inadvertence the administrative office misplaced the complaint. As a result, the complaint was not transmitted to the insurance carrier. The *357 complaint had been filed on February 10, 1960; the default was entered on March 10, 1960. The interlocutory default was not reduced to final judgment before the defendant's motion to vacate was filed on March 15, 1960. The trial court set aside the default.
The supreme court held that under those circumstances a showing of gross abuse of discretion was necessary for reversal at the appellate level. The court cited the case of State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (1931) for the proposition that:
... if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.
See Igleheart v. Jayne, 338 So.2d 81 (Fla. 4th DCA 1976) (dissenting opinion). The Third District Court of Appeal decided two cases in 1976 which follow the Barber rule. In Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla.3d DCA 1976) the court vacated a default on facts much similar to those in Barber. In Imperatori, the secretary to a hospital administrator had misfiled the summons and complaint in a "terminated case" file instead of in the "pending case" file. The court held that the misfiling constituted excusable neglect on the authority of Barber.
Excusable neglect was also found to lie in Flaxman v. Metropolitan Life Insurance Company, 340 So.2d 515 (Fla.3d DCA 1976). In that case, the court found that the defendant  who had lost the summons and complaint  had amply demonstrated excusable neglect in his affidavit. Furthermore, the court found that plaintiff's attorney had not disclosed the filing of a suit to the defendant even though he was actively in contact with the defendant relative to the claim after the suit had been filed. These "equitable considerations" argued for affirmance of the lower court's action in vacating the default.
The Fourth District Court of Appeal vacated a default due to excusable neglect in Travelers Insurance Company v. Bryson, 341 So.2d 1013 (Fla.4th DCA 1977). There, an answer was filed on the same day the default hearing was held. Counsel for the defense was absent from the hearing because the day of the hearing had not been properly noted on his calendar. The court found this to be excusable neglect and vacated the default in keeping with the "liberal policy." Another reason for the court's liberality in this case was that the period of time which had elapsed from the filing of suit to the default (the suit was filed on January 7, and the default entered on March 5th) "was not an extended period, and the end to be accomplished by [Fla.R. Civ.P. 1.500] would ... not be frustrated or defeated ... by vacating the default." 341 So.2d at 1015.
Most recently, the supreme court held that the circuit court had not abused its discretion in vacating a default in view of the defendant's "diligence in moving to vacate the default." Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977).
We adhere to the "liberal approach" established and clarified by the above authority. See Chamberlin v. Mid-Century Insurance Company, et al., 350 So.2d 364 (Opinion filed October 5, 1977); Smith v. Rutland, 341 So.2d 283 (Fla.2d DCA 1977). Under the circumstances of the instant case, however, we hold that the motion to vacate was not "made within a reasonable time" (albeit within the maximum authorized period of one year) and that the appellee was guilty of gross neglect. Where a party, as here, admits to notice of default in May, the subsequent entry of a final judgment against him, two separate garnishment judgments and the institution of a separate creditor's complaint before he initiates a response he does not justify the delay or show "excusable neglect."
The order of the trial court setting aside the judgment is reversed and the original final default judgment is hereby reinstated.
BOARDMAN, C.J., and HOBSON, J., concur.