351 So.2d 1137 (1977)
GARCIA INSURANCE AGENCY, INC., Appellant,
v.
Jennifer Joan DIAZ, Individually and Gino Diaz, by and through His Parents and Natural Guardians, Jennifer Joan Diaz and Benigno Diaz, Jr., Appellees.
No. 77-1034.
District Court of Appeal of Florida, Second District.
November 18, 1977.
Edward E. Fessenden, Jr. of Lane, Massey, Trohn, Clarke, Bertrand & Smith, P.A., Lakeland, for appellant.
Bernard C. Silver of Mitzel & Silver, Tampa, for appellees.
OTT, Judge.
The trial court denied appellant's motion to set aside a default. We reverse.
The appellant insurance agency was sued by appellee for alleged negligent failure to renew appellees' policy of automobile insurance including personal injury protection and uninsured motorist benefits. On March 23, 1977 service of the summons and complaint was made upon appellant's resident agent. On March 29, 1977 appellant forwarded the summons and complaint to the insurer from whom it had purchased an *1138 Errors & Omissions insurance policy. On April 15, 1977 a default was entered. On April 18, 1977 the Errors & Omissions carrier informed appellant (by mail) that it was denying coverage. Appellant received this notice on April 21, 1977 and promptly informed its attorneys, who, in turn, immediately contacted appellees' counsel and learned that default had already been entered. On April 25, 1977 appellant served its motion to set aside default. Along with the motion appellant included a proposed answer and defenses denying liability to appellees. Prior to the hearing on the motion appellant served appellees with three affidavits setting forth the above sequence of events.
Our task is to successfully combine two deeply held propositions under Florida law: that there exists a "long standing policy of liberality toward the vacating of defaults"  North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962); and, that "a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate [a default]." [Emphasis in original] Barber at 852. A casual review of the cases may lead the reader to the conclusion that the two principles are inconsistent or at least have led to bizarre results. We think that under a more careful reading and analysis this apparent inconsistency disappears.
The latter proposition has been with us for quite some time, see, e.g., Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942), and has been reiterated recently both by this court, Chamberlin v. Mid-Century Insurance Co., et al., 350 So.2d 364 (Opinion filed October 5, 1977), and the supreme court, Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977). See also this court's recent opinion in Bailey v. Deebold, 351 So.2d 355 (Opinion filed October, 21, 1977).
With reference to the former doctrine, appellate courts after Barber have not hesitated to reverse lower courts for failure to vacate defaults where excusable neglect and due diligence are demonstrated. See Fla.R.Civ.P. 1.540(b). In Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977) suit was filed; the defendant secured one extension of time to plead by stipulation between counsel and moved for a second; the plaintiffs moved for a default and noticed the same for hearing as required by Fla.R.Civ.P. 1.500(b). On the day of the hearing on plaintiffs' motion for default counsel for the defendant filed an answer but failed to appear at the hearing because the date had not been properly noted on his calendar. The trial court entered a default on plaintiffs' motion and thereafter the defendant moved to vacate the default which was denied by the trial court. The Fourth District Court of Appeal reversed finding that the "trial judge abused his discretion in not vacating the default." 341 So.2d at 1014. (The word "gross" was not used.) The court found excusable neglect to be present. The court indicated it was greatly influenced by the diligence or promptness demonstrated by the defendant  the suit was filed on January 7, the default entered on March 5, and Motion to Vacate filed on March 8. In Sterling Drug, supra, the supreme court similarly accords considerable weight to defendant's "diligence in moving to vacate the default." 342 So.2d at 505.
In Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976) the court vacated a default on facts much similar to those in Barber. In Imperatori, the Fourth District Court of Appeal held that the misfiling of the summons and complaint constituted excusable neglect and reversed the lower court's denial of the motion to set aside the default judgment. Other cases where the liberal approach of Barber was followed  but where the district court of appeal in question affirmed the lower court's vacating of a default judgment  were: Flaxman v. Metropolitan Life Insurance Co., 340 So.2d 515 (Fla. 3d DCA 1976); and, Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972).
An analysis of the various decisions strongly suggests that a greater showing is required to reverse the trial court's granting of a motion to vacate default than in *1139 reversing the denial of such a motion. The cases also strongly support the conclusion that diligence by the defendant is an important factor. Lack of diligence probably explains the distinction suggested by the supreme court in Barber, supra, that there is a difference  at least in appellate treatment  in the review of a motion to vacate that comes after final default judgment as distinguished from after initial default but before final judgment.
We hold that the undisputed facts in this case established the type of neglect that is excusable and the type of diligence that is expected and favored. It certainly falls within the parameters of such cases as Bryson and Imperatori where district courts of appeal have at least implicitly found gross abuse of discretion to have occurred. As a consequence we hold that the lower court has grossly abused its discretion in failing to find excusable neglect under the facts and circumstances clearly established in this case. We are cognizant of appellees' argument which urges great respect for:
[t]he exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation... . Farish v. Lum's, Inc., 267 So.2d 325, 327 (Fla. 1972).
but feel strongly that this must yield in those instances where a blind adherence to such a principle results in an obvious transgression of equally important principles, i.e. those that free our system of justice from technicality and from results that do not comport with justice and common sense.
As stated in Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540, 542 (Fla. 3d DCA 1972), "[t]he discretion of a trial judge is ... a heavy factor ... but as always judicial discretion must rest upon facts ascertainable from the record."
Reversed and Remanded.
BOARDMAN, C.J., and SCHEB, J., concur.