405 So.2d 1345 (1981)
B.C. BUILDERS SUPPLY CO., INC., Appellant,
v.
Leonard MALDONADO and Yolanda Maldonado, His Wife, Appellees.
No. 81-1244.
District Court of Appeal of Florida, Third District.
November 3, 1981.
*1346 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Genden & Bach and Michael A. Genden, Miami, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
B.C. Builders Supply Co., Inc. appeals from a non-final order denying its motion to vacate a default.[1] The issue is whether the trial court grossly abused its discretion in failing to set aside the default. We reverse.
Appellees, Leonardo and Yolando Maldonado filed suit against B.C. Builders and the Union Fork & Hoe Company alleging that a defective wheelbarrow tire manufactured by Union Fork and sold to appellees by B.C. Builders exploded causing them personal injury. On Friday, February 20, 1981, Bernard Chaney, President of B.C. Builders, was personally served with process. A response was required by March 12, 1981. Mr. Chaney immediately called the co-defendant, Union Fork & Hoe and was advised that it appeared that Liberty Mutual Insurance Co. should provide a defense for B.C. Builders which was an unnamed insured entitled to coverage under the vendor's endorsement clause on the policy issued to Union Fork & Hoe Company by Liberty Mutual. On Monday, February 23, 1981, Mr. Chaney hand-delivered the suit papers to the Miami claims office of Liberty Mutual. B.C. Builders had no further contact with Liberty Mutual or with the litigation until it received a copy of the default on March 17, 1981.
Affidavits filed by B.C. Builders in its motion to set aside the default set forth these additional facts. At the time the Miami office of Liberty Mutual received the suit papers from B.C. Builders Supply Co., Liberty Mutual did not know that B.C. Builders was entitled to coverage under the policy issued to Union Fork & Hoe Company. The responsive pleadings for Union Fork & Hoe Company were due March 16, 1981. On March 2, 1981 the claims supervisor, Mr. Hajas, was instructed to seek an extension of time for both Union Fork and for B.C. Builders, but Mr. Hajas mistakenly requested an extension for only Union Fork & Hoe. On March 11, 1981, Mr. Hajas realized his mistake and called the Maldonados' attorney, Mr. Genden, to advise him that a twenty-day extension was requested for B.C. Builders as well. Mr. Genden was unavailable and a telephone message was left requesting a return call. The call was returned, but Mr. Hajas was away. Later the same day Mr. Hajas again called Mr. Genden, who was out. Mr. Hajas left a message with Mr. Genden's office that Liberty Mutual would be providing the defense for B.C. Builders. Mr. Hajas believed that this notification was sufficient; that since Mr. Genden now knew that Liberty Mutual was providing a defense for both defendants, the twenty-day extension granted to Union Fork & Hoe would also be granted *1347 for B.C. Builders. On March 27, 1981, Mr. Genden called Mr. Hajas and informed him that he had caused a default to be entered against B.C. Builders Supply Co., Inc. on March 17, 1981. That same day a law firm was retained to represent both the Union Fork Company and B.C. Builders, however, upon recommendation of that firm B.C. Builders retained separate counsel. Three days after such counsel was retained and four days after the notice of default had been received, B.C. Builders filed their motion to set aside the default incorporating affidavits and an answer.
The court in Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla.2d DCA 1977), stated the role of the appellate court in determining whether the trial court erred in ruling on a motion to vacate as follows:
Our task is to successfully combine two deeply held propositions under Florida law: that there exists a "long standing policy of liberality toward vacating of defaults"  North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962); and, that "a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate [a default]." [North Shore Hospital, Inc. v.] Barber, at 852.
See also County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981) (1981). The task of this court in deciding whether the trial court has grossly abused its discretion in denying a motion to vacate default, as the cases suggest, is to determine whether the same result would have reasonably obtained if the long standing policy of liberality had been applied. That policy, however, does have judicable bounds. The trial court must determine whether the defendant demonstrated that his neglect to respond was excusable and that he had a meritorious defense. As an additional factor in determining whether the neglect was excusable the court may consider whether the defendant subsequently demonstrated due diligence in seeking relief upon learning of the default. See, e.g., Chamberlin v. Mid-Century Insurance Co., 350 So.2d 364 (Fla.2d DCA 1977) (subsequent delay factor in affirming trial court). We believe that this standard as first enunciated by the Supreme Court of Florida in Russ v. Gilbert, 19 Fla. 54, 57 (1882), cited by the court in Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942), has been consistently followed by Florida courts, i.e., that "it would be a gross abuse of discretion not to allow a defendant to present his defense if he had a meritorious one, was innocent of culpable negligence and willing to plead and to go to trial without delay." Id. 150 Fla. 554, 8 So.2d 11. See Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Waterson v. Seat and Crawford, 10 Fla. 326 (1863); County National Bank of North Miami Beach v. Sheridan, Inc., supra; Pedro Realty Inc. v. Silva, 399 So.2d 367 (Fla.3d DCA 1981); Dunn v. JoAnn Taube Realty, Inc., 399 So.2d 63 (Fla.3d DCA 1981); Thomas v. American Vinyl Co., 379 So.2d 448 (Fla.3d DCA 1980); McAlice v. Kirsch, 368 So.2d 401 (Fla.3d DCA 1979); Salomon v. Mid-States Mortgage Corp., 356 So.2d 915 (Fla.3d DCA 1978); Garcia Insurance Agency, Inc. v. Diaz, supra; Traveler's Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); Flaxman v. Metropolitan Life Insurance Co., 340 So.2d 515 (Fla. 3d DCA 1976); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla.3d DCA 1976); Espinosa v. Racki, 324 So.2d 105 (Fla.3d DCA 1975); Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla.3d DCA 1972); Renuart-Bailey-Cheely Lumber and Supply Co. v. Hall, 264 So.2d 84 (Fla.3d DCA 1972).
We also agree with the court in Garcia Insurance Agency, Inc. v. Diaz, supra, that the principle of liberality places a heavier burden on the party seeking to reverse an order granting a motion to vacate default, than on a party seeking to reverse an order denying the motion. Compare North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962) (misplacing of complaint by administrative office excusable where immediate action followed discovery *1348 of mistake) with Bailey v. Deebold, 351 So.2d 355 (Fla.2d DCA 1977), cert. denied, 359 So.2d 1213 (Fla. 1978) (motion to vacate not made within one year and not until subsequent entry of final judgment, two separate garnishment judgments and institution of separate creditor's complaint). The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant. Coggin v. Barfield, supra.
The requirement that the defendant demonstrate excusable neglect requires more than a conclusionary statement. A party moving to vacate a default must set forth facts explaining or justifying the mistake or inadvertence by affidavit or other sworn statement, see Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla. 4th DCA 1981), Hersey J. specially concurring, and failure to do so will prevent the appellate court from finding a gross abuse of discretion, see Farish v. Lum's Inc., 267 So.2d 325 (Fla. 1972) (party failed to sign on sworn response, no excuse for non-compliance with rule); Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239 (1906); Acme Fast Freight, Inc. v. Bell, 318 So.2d 212 (Fla.3d DCA 1975) (no explanation in affidavit of why defendant failed to receive summons and complaint); Gacl, Inc. v. Zeger, 276 So.2d 552 (Fla.3d DCA 1973). Cf. Flaxman v. Metropolitan Life Insurance Co., 340 So.2d 515 (Fla.3d DCA 1976) (a defendant explained loss of summons and complaint in affidavit of good defense). A meritorious defense may be shown by either a pleading or affidavit. See, e.g., Pedro Realty Inc. v. Silva, supra.
The facts of each case are of singular importance in determining whether or not relief should be granted. Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972); Cricket Club, Inc. v. Basso, 384 So.2d 908 (Fla.3d DCA 1980) (oversight by agent responsible for signing and forwarding all summons and complaints not excusable); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla.3d DCA 1978) (reduction of complaint and summons to letter size not grounds for excusable neglect). In this case, B.C. Builders acted promptly and diligently to set aside the default and attached to the motion affidavits sitting forth facts explaining the neglect to file responsive pleadings and an answer setting forth affirmative defenses. We believe that the facts clearly demonstrate excusable neglect. Applying the policy of liberality toward vacating of defaults and allowing trial upon the merits which has been established in our Florida jurisprudence for over a century, we hold that the trial court grossly abused its discretion in failing to set aside the default.
Reversed and remanded for proceedings consistent with this opinion.
JORGENSON, Judge, dissenting.
I respectfully dissent.
The delay occasioned in this cause is a direct result of a conflict between B.C. Builders Supply Company and Liberty Mutual. Recognizing that there are instances where, as a matter of law, defaults should be set aside, nevertheless, the trial court must be affirmed, absent a gross abuse of discretion. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962). The record here does not support reversal. Clearly, the policy toward liberality of vacation of defaults ought not to operate when the basis for the default is a disputed insurance coverage issue. Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla.3d DCA 1978).
In any event, it is the duty of the trial court, not the appellate court, to make the determination of whether or not the facts constitute excusable neglect, mistake or inadvertence sufficient to excuse compliance with procedural rules. Farish v. Lum's, Inc., supra, at 328 (emphasis added); Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA *1349 1977); Schwab & Co., Inc. v. Breezy Bay, Inc., supra.
I would affirm.
NOTES
[1] We have jurisdiction pursuant to Fla.R. App.P. 9.130(a)(3)(C)(iv) and Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla.3d DCA 1981), supreme court review granted, Case No. 60,396. Contra, Sunny South Aircraft Service, Inc. v. Inversiones, 402 So.2d 555 (Fla. 4th DCA 1981) (certifying conflict).