HOBSON, Acting Chief Judge.
Diversified Development Group, Inc., a Florida corporation, and Gordon Simpson, vice-president of the corporation, defendants below, appeal a nonfinal order in favor of Donald Bowers, plaintiff below, which denied their motion to set aside a default.[1] We affirm.
Five days before the expiration of appellants’ twenty-day period in which to file an answer to appellee’s complaint, appellants’ attorney, Fred Gillette, informed appellant Simpson that he would be unable to represent appellants in the action due to a potential conflict of interest. He advised appellant Simpson to secure other counsel as quickly as possible and to file a responsive pleading. He also gave appellant names of several attorneys, suggesting that he contact them. Gillette then engaged in a telephone conversation with appellee’s attorney, Dennis Gold, about his inability to represent appellants in the action. He requested of Gold an extension of time since appellants would need time to retain other counsel before filing an answer. Although Gold agreed to an extension, a discrepancy exists in the testimony of Gold and Gillette regarding the length of the extension. Gillette testified that there was not any agreement regarding a specific period of time; it was “open-ended.” However, he also stated that Gold told him that the extension was to be “within limits.” Gold testified that he indicated to Gillette that he would allow appellants an extension of one week.
Twenty-five days after the expiration of the original deadline in which to file an answer, the clerk entered a default in ap-pellee’s favor. Almost three weeks later, appellants attempted to file an answer pro se. The clerk, however, refused to accept it on the basis that the default had been entered. Five months later, and three weeks before a scheduled trial on the issue of damages, appellants secured other counsel. They then filed an answer and the motion to vacate. The court denied the motion after conducting a hearing.
It is well recognized that a trial court is vested with broad discretion in adjudicating a motion to vacate a default. Hence, it is incumbent upon the challenging party to demonstrate that the court grossly abused its discretion in ruling on such a motion. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962); Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982). We hold that in light of the testimony of Gillette and Gold, and in view of appellants’ failure to act more diligently, the court’s denial of the *680 motion to vacate did not constitute reversible error.
Accordingly, the order is affirmed.
AFFIRMED.
RYDER and LEHAN, JJ., concur.

. An order denying a motion to vacate a default is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Doctor’s Hospital of Hollywood v. Madison, 411 So.2d 190 (Fla.1982).