595 So.2d 281 (1992)
Laurence SIMONE, Appellant,
v.
Sara Caridad DAMARE, Appellee.
No. 91-2757.
District Court of Appeal of Florida, Third District.
March 17, 1992.
*282 Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale, for appellant.
William Sullivan, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant below, Laurence Simone, appeals from the trial court's non-final order denying his motion to set aside default. We reverse.
The court in Zimmerman v. Vinylgrain Industries of Jacksonville, Inc., 464 So.2d 1353 (Fla. 1st DCA 1985), has succinctly and correctly stated the law regarding the setting aside of defaults as follows:
The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. Northshore [sic] Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Although an abuse of discretion is necessary in order to reverse a trial court's ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court's denial of a motion to vacate default as they do to reverse a grant of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
In the instant case, the defendant did not immediately move to set aside the default. However, during this period, discovery was continuously taking place. As a result, the plaintiff was not prejudiced as a result of the delay. Additionally, the defendant below raised a meritorious defense and established excusable neglect. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). Accordingly, the trial court abused its discretion in failing to set aside the default.
Reversed and remanded for further proceedings.