PER CURIAM.
Affirmed. See B. C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981) (There exists a long standing policy of liberality toward vacating of defaults and that a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate a default.); M.W. v. SPCP Group V, LLC, 163 So.3d 518 (Fla. 3d DCA 2015) ("Indeed, the Florida Supreme Court has emphasized that if there is any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.") (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962) (reversing a district court's holding that a mere abuse of the trial judge's discretion is a sufficient basis for reversal of his ruling on the motion to vacate) ); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987) (reversing trial court's order denying appellant corporation's motion to vacate a default, because appellant's delay in answering appellee retailer's complaint constituted excusable neglect, and appellant acted with due diligence after discovering the default.)