PER CURIAM.
We affirm the trial court’s order vacating the default against Doga Corporation and granting Doga relief from the previously entered final judgment and orders reforming the mortgage, all based on the default. In Simone v. Damare, 595 So.2d 281 (Fla. 3d DCA 1992) this court stated:
The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. Northshore [sic] Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Although an abuse of discretion is necessary in order to reverse a trial court’s ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court’s denial of a motion to vacate default as they do to reverse a grant of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
We find no abuse of discretion in the vacating of the default, and the claim against Doga is remanded for further proceedings on the merits.
As to the cross-appeal, having reviewed the record, we believe there are sufficient disputed issues of material fact to preclude summary judgment on issues concerning the circumstances, nature and propriety of the future advances claimed by Barrero and therefore reverse the summary judgment and remand this matter for further proceedings.[1]
Affirmed in part, reversed in part, and remanded for further proceedings.

. This ruling does not preclude an ultimate determination that the future advances are valid and appropriate and of the same priority as the other sums due under the first mortgage.